IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-246-BO

| | | |
|---|---|---|
| GEORGIA SPILIOTIS, | ) | |
|           Appellant | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NICOLAOS P. SPIRAKIS and MARY C. SPIRAKIS, | ) ) | |
|           Appellees. | ) | |

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

This cause comes before the Court on Georgia Spiliotis' appeal of an order of the Bankruptcy Court for the Eastern District of North Carolina entered on June 23, 2016. [DE 1-1]. For the reasons discussed below, the decision of the bankruptcy court is affirmed.

BACKGROUND

Debtors, appellees N. and M. Spirakis, filed a chapter 11 petition on December 3, 2013. Appellant Spiliotis and appellee N. Spirakis were business partners for more than thirty-five years and ran a school for special-needs children in Wilmington, North Carolina. In approximately 2000, the school relocated and Spiliotis and N. Spirakis purchased two adjacent parcels of property on Wilshire Boulevard (Wilshire properties) in Wilmington on which to construct a new schoolhouse. Spiliotis and N. Spirakis then entered into partnership-buy-sell agreement in which each agreed that in the event of his or her death, the other partner would have the right to buy the deceased partner's interest in the business. If the surviving partner exercised his or her right to buy the deceased partner's interest in the partnership, he or she must also purchase the deceased partner's interest in the two parcels of real property.

In 2010, N. Spirakis agreed to guarantee a bank loan to his son for approximately $1,000,000. N. Spirakis asked Spiliotis to sign documents which would let Spirakis pledge his fifty-percent interest in the Wilshire properties as collateral for the loan to his son. In actuality, and allegedly without realizing it, Spiliotis signed documents which purported to encumber the entire interest in the Wilshire properties. Three years later, N. Spirakis' son defaulted and the bank initiated foreclosure. N. Spirakis filed for bankruptcy to stop the foreclosure proceedings. He also filed an adversary proceeding against the bank regarding purported defects in the loan documents. N. Spirakis died on October 14, 2014.

Spiliotis filed a proof of claim in the Spirakis bankruptcy proceeding in the amount of $1,000,000 based on alleged breach of fiduciary duty and negligent misrepresentation by N. Spirakis. Spiliotis contends that her claim is secured in the amount of $70,000[1] due to a right of setoff. In March 2015, Spiliotis moved for relief from the automatic stay so that she could exercise her rights under the buy-sell agreement. Spiliotis tendered $70,000 and the N. Spirakis estate conveyed to Spiliotis its fifty-percent interest in the partnership and the Wilshire properties to Spiliotis. In February 2016, the debtors filed an objection to the alleged secured portion of Spiliotis' claim, contending that the requirements for setoff have not been satisfied. The bankruptcy court took up the objection and denied appellant's claim. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction over this appeal is proper pursuant to 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals...from final judgments, orders, and decrees...of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." A bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. *In re White*, 487 F.3d 199, 204 (4th Cir. 2007).

---

[1] The purchase price under the agreement was calculated to be $70,000 by the bankruptcy court.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Legal conclusions made by the bankruptcy court are reviewed de novo. *In re White*, 487 F.3d at 204. Mixed questions of law and fact are also reviewed de novo. *In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003).

## DISCUSSION

"The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995) (citation omitted). A creditor is generally entitled to an setoff in bankruptcy if one would otherwise be permitted. *Id.*; 11 U.S.C. § 553(a). Under North Carolina law, which no party disputes applies, a right to setoff exists where there is a mutual debt between the parties. *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989).

In addition to demonstrating that state law recognizes a right to setoff, the party asserting setoff must show that each of the following circumstances exist: "(1) the creditor must hold a 'claim' against the debtor that arose before the commencement of the case; (2) the creditor must owe a 'debt' to the debtor that also arose before the commencement of the case; (3) the claim and debt must be 'mutual'; and (4) the claim and debt each must be valid and enforceable." *In re Carolina Acoustical & Flooring, Inc.*, 415 B.R. 186, 191 (Bankr. M.D.N.C. 2009) (citing 5 *Collier on Bankruptcy* ¶ 553.01[1] (15th Ed. Rev. 2008)). Here, the bankruptcy court considered first whether the debt had arisen prior to the commencement of the bankruptcy case, and,

because it found that it had not, declined to consider the remaining requirements under 11 U.S.C. § 553.

The Court has reviewed the bankruptcy court's conclusion that the debt did not arise pre-petition *de novo* and finds no error. Appellant Spiliotis correctly argues that a prepetition debt may be a contingent debt, and "[i]n the Fourth Circuit, the applicable test for determining whether a claim arose before the commencement of a bankruptcy case is when the conduct occurred that created or gave rise to the claim." *In re Carolina Acoustical & Flooring*, 415 B.R. at 192. A claim is defined by the bankruptcy code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, [or] contingent, . . .." 11 U.S.C. § 101(5). "For setoff purposes, a debt arises when *all transactions necessary for liability occur*, regardless of whether the claim was contingent, unliquidated, or unmatured when the petition was filed."*U.S. Through Agr. Stabilization & Conservation Serv. v. Gerth*, 991 F.2d 1428, 1433 (8th Cir. 1993) (emphasis added).

Here, all transactions necessary for liability to occur were not present prior to the filing of the bankruptcy petition; there was no right to payment, contingent or otherwise, until the decision of Spiliotis to exercise her rights under the agreement, which occurred after N. Spirakis' death in 2014 and well-after the petition date. According to the terms of the agreement between the parties, two conditions must occur prior to a right to payment arising – the death of one of the partners *and* the decision of the surviving partner to exercise his or her right to buy the deceased partner's interest. As the bankruptcy court noted, even if the agreement between the parties did create some sort of obligation between them which would indicate the presence of mutual promises, it was just as likely at the time they executed the agreement that Spiliotis would have passed away before N. Spirakis, causing N. Spirakis to owe the same debt to Spiliotis' estate that

4

she now owes to the estate of N. Spirakis, if he chose to exercise his right to purchase under the agreement. *See Gerth*, 991 F.2d at 1434 (noting that a promise is "an assurance from one party that performance will be rendered in the future," while a condition "makes the duty of one party dependent upon performance by the other").

The Court thus agrees that that the conduct which gave rise to Spiliotis' claim occurred post-petition and the debt here was not absolutely owed prepetition. Accordingly, one of the circumstances necessary for a setoff under § 553 is not satisfied and the bankruptcy court correctly granted debtors' objection to the claim.

## CONCLUSION

Accordingly, for the foregoing reasons, the decision of the bankruptcy court is AFFIRMED.

SO ORDERED, this __31__ day of January, 2017.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE